Douglas P. GILLILAND, Petitioner,

v.

FEDERAL AVIATION ADMINISTRA-
TION; National Transportation
Safety Board, Respondents.

No. 94–2319.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 13, 1994.

Decided Feb. 21, 1995.

Bernard J. Coogan, Chesterfield, MI, ar-
gued, for petitioner.

Robert P. Vente of Washington, DC, ar-
gued (Kathleen A. Yodice, on the brief), for
respondents.

Before BOWMAN, Circuit Judge, FLOYD
R. GIBSON, Senior Circuit Judge, and
LOKEN, Circuit Judge.

BOWMAN, Circuit Judge.

Douglas P. Gilliland petitions for review of an order of the National Transportation Safety Board (the Board), which affirmed an order issued by the Administrator of the Federal Aviation Administration (FAA) revoking Gilliland's airline transport pilot certificate. We deny the petition and affirm the order of the Board.

## I.

In May 1988, Gilliland pled guilty to one count of a three-count federal indictment, admitting his participation in a conspiracy to distribute cocaine, to engage in interstate travel in aid of racketeering, and to avoid the filing of currency transaction reports. Gilliland alleges that this plea was taken in response to threats on his life, that he had "explained these threats to the Prosecuting Attorney and was assured that the plea of guilty to count one would not affect his pilot certificate." Brief of Petitioner at 12. He "denies that any illegal substance was ever carried aboard his aircraft but admits that his former wife ... had carried sums of money aboard his aircraft without his knowledge." $Id.$[1] Gilliland noted this drug-trafficking conviction on an application to the FAA for a medical certificate, and the FAA sought to "clip his wings" by revoking his pilot certification. After an original order of revocation was withdrawn and the administrative complaint was dismissed without prejudice, the FAA reissued its order of revocation on July 29, 1992, basing this on its determination that revocation of Gilliland's pilot certificate was required for reasons of safety and the public interest. *See* 14 C.F.R. §§ 61.15(a)(2), 61.151(b) (1994).

Gilliland sought agency review of this order. The matter was referred to an Administrative Law Judge, who granted the FAA's motion for summary judgment. Petitioner took an appeal to the Board, which affirmed the ALJ's decision. Gilliland then filed a motion for stay of the revocation order pending judicial review. The Board denied this motion. Gilliland's timely-filed petition for review is now before us.

## II.

Gilliland first argues that revocation of his pilot certificate by summary judgment, without a hearing on the merits to consider the alleged mitigating circumstances surrounding his guilty plea, was improper when the FAA regulation involved provided for suspension as an alternative to revocation. This is a question of law, which we review *de novo.* *Janka v. Dept. of Transp., Nat'l Transp. Safety Bd.,* 925 F.2d 1147, 1149 (9th Cir.1991).

The revocation order was based on Gilliland's guilty plea of May 1988. The FAA found that his plea of guilty to serious criminal charges caused him to lack the "good moral character" required by 14 C.F.R. § 61.151(b) (1994). Further, the FAA noted the applicability of 14 C.F.R. § 61.15(a) (1994) concerning drug and alcohol offenses.[2] Pursuant to 49 U.S.C.App. § 1429 (1988), covering the suspension or revocation of certificates, the FAA determined that Gilliland's certificate should be surrendered. The Administrative Law Judge agreed, holding that

[u]pon consideration of the Pleadings, Briefs, argument and Board precedent ... the record does establish, by a preponderance, that Respondent is in regulatory violation of Sections 61.151(b) and 61.15(a)(2) FARs.... I further conclude that, on the

---

1. While Petitioner in his brief argues that he "has never used nor transported illegal substances," Brief of Petitioner at 12, examination of the indictment reveals that paragraph 3 (under "Ways and Means") of the count to which he pled guilty specifically states that "[i]t was a further part of the conspiracy that the defendant and others would transport cocaine from one state to another for sale." *United States v. Gilliland,* Crim. No. 87–40054, Grand Jury Indictment at 2 (S.D.Ill. Nov. 25, 1987).

2. Section 61.15(a) provides in relevant part as follows:

A conviction for the violation of any Federal or state statute relating to the growing, processing, manufacture, sale, distribution, possession, transportation, or importation of narcotic drugs, marihuana, or depressant or stimulant drugs or substances is grounds for—

(2) Suspension or revocation of any certificate or rating issued under this part.

facts and finding above, no material issue remains as would require Hearing for resolution. Accordingly, Complainant's Motion for Summary Judgement will be affirmed.

*Richards v. Gilliland,* No. SE–12706, Order at 2 (N.T.S.B. November 20, 1992).

On appeal to the Board, the Administrative Law Judge's grant of summary judgment was reversed with respect to the 14 C.F.R. § 61.151(b) charge. *Hinson v. Gilliland,* 1994 WL 159890 (N.T.S.B. April 14, 1994). However, the Board upheld the judgment on the 14 C.F.R. § 61.15(a)(2) charge. In so doing, the Board accepted the Administrator's representation that "respondent's criminal activity took place primarily in 1982 and 1983, before final passage of [49 U.S.C. app. § 1429(c) ]. Because, according to the Administrator, Congress did not intend for [this] section . . . to be retrospective, the mandatory revocation provisions of that section do not apply to this case." *Hinson v. Gilliland,* 1994 WL 159890, at *2 n. 5. Subsection (a) of section 1429, however, provides that

> [i]f, as a result of any . . . investigation made by the Secretary of Transportation, he determines that safety in air commerce or air transportation and the public interest requires, the Secretary of Transportation may issue an order amending, modifying, suspending, or revoking . . . any . . . airman certificate. . . .

49 U.S.C. app. § 1429(a) (1988). Guided by that statutory provision, the Board noted that "[g]iven respondent's conviction for conspiracy to distribute cocaine . . . and his operation of an aircraft in furtherance of that criminal conspiracy—matters which, having been established in the prior criminal case, respondent cannot now contest—our precedent unequivocally supports revocation of respondent's pilot certification as the appropriate sanction." *Hinson v. Gilliland,* 1994 WL 159890, at *1 (N.T.S.B. April 17, 1994) (footnotes omitted).

Having cited no other cases in support of his position, Gilliland relies upon *Administrator v. Butchkosky,* 1994 WL 462189 (N.T.S.B. August 8, 1994). This case notes, in passing, that while the Board has

> affirmed summary judgment and judgment on the pleadings in some section 61.15

cases where the underlying offense did not involve aircraft use, that is not to say that summary judgment is always appropriate. To the contrary, we think that some such cases may require a hearing to evaluate the circumstances surrounding the offense in order to determine whether or not it was so egregious as to demonstrate a lack of qualifications to hold an airman certificate. While the record might, in some cases, contain enough information to make such an evaluation without a hearing, in other cases it may not. However, we see no need to decide in the context of this appeal which category this case falls into.

*Id.* at *2 (footnotes omitted). Although *Butchkosky* evidences the Board's awareness that not every case is amenable to summary judgment, the quoted language does not supply enough lift to get Gilliland's argument airborne. Here, as the Board noted, Gilliland had pleaded guilty to a drug-trafficking conspiracy which involved his operation of an aircraft. In his opposition to the motion for summary judgment, Gilliland failed to proffer any evidence of any of the mitigating circumstances he alleges. Most crucially, he failed to proffer any evidence to support his allegation that the prosecutor had promised that a guilty plea would not affect his pilot certificate. As Gilliland thus failed to create any genuine issue of material fact and the Administrator otherwise was entitled to judgment as a matter of law, summary judgment was appropriate.

In so holding, we emphasize that when Congress grants a regulator discretion to choose between suspension and revocation, and a respondent presents fact issues material to the exercise of that discretion, the agency must hold a hearing and must articulate why it has chosen to impose the more severe penalty, particularly when the respondent's livelihood is at stake. *Cf. Ghattas v. United States,* 40 F.3d 281, 287 (8th Cir.1994). As Justice Scalia recently has observed in another context, "Here as elsewhere in the law, to say that a [decision-maker] may not abuse [its] discretion is merely to say that the action in question . . . may not be done without considering relevant factors and giving a 'justifying reason'." *Schlup v. Delo,* — U.S. —, —, 115 S.Ct. 851, 877, 130 L.Ed.2d 808 (1995) (Scalia, J., dissenting) (quoting

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). In the present case, however, in view of Gilliland's failure to offer proof of his claims we cannot say that the agency abused its discretion in revoking Gilliland's certificate without affording him an evidentiary hearing.

■ Gilliland further argues that he should receive the benefit of 49 U.S.C. app. § 1429(c)(5) (1988), which provides that "[u]pon request of a Federal or State law enforcement official, the Administrator may waive the requirements of paragraphs (1) and (2) that an airman certificate of any person be revoked if the Administrator determines that such waiver will facilitate law enforcement efforts." As the Board itself noted,

> even if this case had been brought under that statutory section [49 U.S.C. app. § 1429(c) ], we would not review the Administrator's exercise, or failure to exercise, his purely discretionary waiver authority. Moreover, respondent has offered no evidence of any agreement or grant of immunity from federal officials which was violated by this enforcement action. Accordingly, even assuming the FAA would be bound by such an agreement, respondent has provided no basis for altering our decision in this case.

*Hinson v. Gilliland,* 1994 WL 159890, at *2 (footnote and citation omitted). In the absence of a request by a federal or state law enforcement official that revocation of Gilliland's certificate be waived, § 1429(c)(5) is inapplicable. Thus even if the agency had proceeded here under § 1429(c), which it did not, § 1429(c)(5) would afford Gilliland no basis for relief.

### III.

■ Gilliland also argues that the "FAA and the Board abused its [sic] discretion and deprived the airman of due process by refusing to stay the revocation of his Airline Transport Certificate during the pendency of this appeal." Brief of Petitioner at 15. "[T]he matter was not brought under an emergency revocation status, which normally allows for revocation during the appeal process...." *Id.* The wording of 49 U.S.C. app. § 1429(a), to which Gilliland refers, however, deals only with the period between the

initial order of the Administrator and its review by the Board. As the Board notes in its order, it "has traditionally declined to grant stays of its orders pending judicial review in cases involving certificate revocation, because revocation is based upon a conclusion that the airman lacks the qualifications required of a certificate holder." *Hinson v. Gilliland,* 1994 WL 314144, at *1 (N.T.S.B. June 22, 1994). Gilliland makes no showing that the Board's statement is anything less than an accurate summary of the Board's standard practice and of the reasons underlying that practice. We are satisfied that Gilliland suffered no due process deprivation when the Board refused to stay the revocation of his certificate pending review of the matter by this Court.

### IV.

For the reasons stated, the petition for review is denied and the order of the Board is affirmed.